UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>         Plaintiff,<br>-against-<br><br>NATIONAL INSTITUTES OF HEALTH,<br>c/o U.S. Department of Health, General Counsel<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>-and-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>         Defendants. | Civil Action No. 1:23-cv-3674 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants National Institutes of Health ("**NIH**") and the United States Department of Health and Human Services ("**HHS**" together with NIH "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

1

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant NIH is an agency within the Executive Branch of the United States Government and is a part of HHS. NIH is an agency within the meaning of 5 U.S.C. § 552(f). NIH has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On June 17, 2021, Plaintiff sent a FOIA request to NIH seeking copies of the following records:

> All emails exchanged between Keri N. Althoff and David Schlueter dated between June 15, 2020 and June 15, 2021 regarding the article titled *Antibodies to SARS-CoV2 in All Of Us Research Program Participants, January 2-March 18, 2020*[1]

(**Exhibit 1.**)

7. Defendant NIH acknowledged Plaintiff's FOIA request on June 17, 2021, and assigned it Case Number 56560. (**Exhibit 2.**)

---

[1] Available at https://academic.oup.com/cid/advance-article/doi/10.1093/cid/ciab519/6294073

8. On May 26, 2022, Defendant HHS notified Plaintiff that its request was referred from NIH to the National Human Genome Research Institute ("**NHGRI**") within the NIH. (**Exhibit 3.**)

9. On August 5, 2022, Plaintiff requested an estimated date of completion for its action on the present FOIA request. (**Exhibit 4.**)

10. On August 10, 2022, NIH responded to Plaintiff's request for an estimated dated of completion stating, "Given a review of the records, I am providing a date of September 21, 2022 as the estimate date of completion." (**Exhibit 4.**)

11. On September 23, 2022, NIH contacted Plaintiff and advised it was extending its estimated date of completion to November 30, 2022. (**Exhibit 4.**)

12. As of the date of this Complaint, Defendants have failed to: (i) comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges the previous paragraphs as if fully stated herein.

14. Defendants are in violation of FOIA.

15. Defendants were required to make a final determination on Plaintiff's request no later than July 19, 2021. 5 U.S.C. § 552(a)(6)(A)(i). Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

16. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

17. Plaintiff has no adequate remedy at law.

## COUNT II
## ENTITLEMENT TO WAIVER OF SEARCH FEES

18. Plaintiff realleges the previous paragraphs as if fully stated herein.

19. Defendants are in violation of FOIA.

20. Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

21. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

  e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

  f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

  g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

  h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 10, 2023       SIRI & GLIMSTAD LLP

                */s/ Elizabeth A. Brehm*
                Elizabeth A. Brehm, DC Bar No. NY0532
                R. Scott Pietrowski, MS Bar No. 99387
                (*pro hac vice to be filed*)
                Siri & Glimstad LLP
                745 Fifth Avenue, Suite 500
                New York, New York 10151
                Tel: (212) 532-1091
                ebrehm@sirillp.com
                spietrowski@sirillp.com